IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| RUCHMAN AND ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20cv11 |
| | ) | |
| SEV1TECH, LLC, | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Partial Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Both Ruchman and Associates, Inc. ("Ruchman") and Sev1Tech, LLC ("Sev1Tech") contract primarily with the federal government to supply certain services. Sev1Tech provides information technology services; Ruchman, support personnel. On December 1, 2015, the parties executed an Asset Purchase Agreement ("Agreement"), in which Sev1Tech purchased a consulting services division of Ruchman and its related assets, including a supply contract ("Oasis Contract") with the U.S. General Services Administration. The Agreement contained a provision ("Workshare Provision") requiring Sev1Tech give Ruchman "the opportunity to

participate as a subcontractor on each task order bid under [the Oasis Contract] before presenting to other teammates, provided [Ruchman] is reasonably qualified to perform such work." The Workshare Provision also gave Ruchman the right of first refusal on a certain percentage of work awarded on task orders under the Oasis Contract, again provided Ruchman "is reasonably qualified to perform such work" and that Ruchman notifies Sev1Tech "of its intent to participate within a reasonable time."

For more than a year these parties have been in dispute over this Workshare Provision. The Complaint asserts that Sev1Tech breached the Agreement because (1) it failed to provide Ruchman notice of new task order solicitations; (2) it failed to present Ruchman opportunities to participate as a subcontractor on seventeen task orders awarded under the Oasis Contract; and (3) it failed to provide Ruchman the right of first refusal on the required percentage of work on task awards under the Oasis Contract. In the alternative, Ruchman asserts a claim of unjust enrichment.

Sev1Tech filed a counterclaim, asserting that Ruchman breached certain subcontracts between the parties when Ruchman failed to fill or maintain certain positions under the relevant task orders as obligated. Sev1Tech also makes a claim for indemnification of attorney's fees and court costs relating to

2

this action, referencing an indemnification provision in the Agreement.

Sev1Tech's present motion requests partial summary judgment on Ruchman's breach of contract and unjust enrichment claims. Ruchman's cross motion requests summary judgment as to all claims and counterclaims.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the ultimate resolution of the case will preclude the entry of summary judgment. Id. The party seeking summary judgment bears the initial burden to demonstrate the absence of dispute over material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes such showing, the burden then shifts to the nonmoving party to show a genuine dispute over material fact based on "specific facts that show there is a genuine issue for trial." Anderson, 477 U.S. at 250.

The Court first must assess whether the parties had a legally enforceable obligation pursuant to Virginia contract law. When a U.S. district court exercises jurisdiction over

3

state law claims pursuant to diversity of citizenship, the court must apply the law of the relevant state (in this case, Virginia) on all substantive matters, including the necessary elements of a cause of action. See 18 U.S.C. § 1652. See also In re Lipitor, 892 F.3d 624, 646 (4th Cir. 2018) ("In a diversity case, state substantive law governs . . . the 'substantive elements.'"). The Commonwealth of Virginia sets forth three necessary elements of a breach of contract claim: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant breached such obligation; and (3) the plaintiff was injured because of defendant's breach. See Cyberlock Consulting, Inc. v. Info. Experts, Inc., 939 F. Supp. 2d 572, 578 (E.D. Va. 2013) (citing Ulloa v. QSP, Inc., 271 Va. 72, 79 (2006)). In its present motion, Sev1Tech argues it is entitled to summary judgment because it had no legally enforceable obligation to Ruchman under the Workshare Provision.

Sev1Tech argues the Workshare Provision is simply an "agreement to agree" and thus unenforceable. "[I]t is well settled under Virginia law that agreements to negotiate at some point in the future are unenforceable." Id. (internal quotations omitted). An enforceable contract must have the "mutual assent of the contracting parties to terms reasonably certain under the circumstances." Allen v. Aetna Cas. & Sur. Co., 222 Va. 361, 364 (1981). "Mere 'agreements to agree in the future' are 'too vague

4

and too indefinite to be enforced.'" Cyberlock Consulting, 939 F. Supp. 2d at 578 (quoting W.J. Schafer Assocs., Inc. v. Cordant, Inc., 254 Va. 514, 519 (1997)).

Ruchman rebuts the suggestion that the Workshare Provision is simply an "agreement to agree" by arguing all material terms for future subcontracts are outlined. Ruchman claims no further negotiation was necessary to execute the subcontracts to which it was entitled under the Workshare Provision. But the Workshare Provision fails to address many material terms, such as price, scope, and duration of future subcontracts for Ruchman to provide support personnel. Such terms were included in the subcontracts that the parties subsequently executed on different task orders. There is no dispute that such terms were not included in the Workshare Provision, making it merely a "framework for the negotiation of a subcontract in the future along certain established terms," not an enforceable contract. Id. (internal quotations omitted). The Workshare Provision did not create a legally enforceable obligation, and as a matter of law, Sev1Tech is not liable for breach.

Even if the Workshare Provision was fully enforceable, Sev1Tech would be entitled to summary judgment on both the breach of contract and the unjust enrichment claims because Ruchman has failed to produce evidence of damages. The Complaint alleges Ruchman suffered damages "estimated at $7,000,000 in

5

lost revenue." This is an improper measure of damages under Virginia law, which requires a plaintiff to measure damages by lost profits, not lost revenues. Lost profits may be deduced from estimated gross revenues, but a plaintiff must produce "evidence of the expenses to be deducted in order to determine the profits of the business." SSS Enters., Inc. v. Nova Petroleum Suppliers, LLC, 2012 WL 3866490, *7 (E.D. Va. 2012) (citing Boggs v. Duncan, 202 Va. 877, 883-84 (1961)).

As a threshold matter, Ruchman waited until filing its Opposition and Cross Motion for Summary Judgment to put forth a damages estimate based on lost profits. This is impermissible. "[A]sserting a new legal theory for the first time in opposing summary judgment amount[s] to constructive amendment of the [] complaint and thus unfairly prejudice[s] the defendant." Harris v. Reston Hosp. Ctr., LLC, 523 F. App'x 938, 946 (4th Cir. 2013). Parties must have the opportunity to conduct effective discovery, which does not occur when one party hides the ball and unfairly surprises the other with a new theory of recovery *only after* discovery has concluded. See id. (approving the district court's refusal to entertain a new argument at summary judgment "[b]ecause a complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against plaintiff's allegations"). To permit Ruchman to introduce a new theory of damages at this

6

stage would "plac[e] a clear burden on [Defendant's] ability to effectively and efficiently defend itself." Id. at 947.

Further, Ruchman's evidence of lost profits "expressed as a percentage of revenue" is insufficient as a matter of law. Since the Court excluded Ruchman's proposed expert in its November 3, 2020 Order, Ruchman relies on the testimony of its Chief Operating Officer, Morgan Henson, to estimate its damages from the alleged breach of contract. A party may use lay witnesses to show damages, but this evidence must still provide a "sufficient basis" to estimate an amount of damages with "reasonable certainty." Boggs v. Duncan, 121 S.E.2d 359, 363 (Va. 1961) (quoting Restatement of the Law of Contracts § 331).

Lay opinions must be based on personal knowledge and "distinguished from hypothetical facts." MCI Telecomms. Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990). The lay witness in MCI Telecomms. was a bookkeeper with personal knowledge of prior profits from a lease, so the Fourth Circuit found reasonable certainty in her projection of future profits from *that* lease. See id. But in this case, Henson's lost profit projections for *hypothetical* subcontracts are based on "average profit and general administrative amounts" from executed subcontracts on other task orders. Ruchman has not demonstrated with reasonable certainty that these amounts would be the replicated in other,

7

hypothetical subcontracts for different task orders under the Oasis Contract.

For largely the same reasons that Sev1Tech did not breach the contract, the damages from these hypothetical subcontracts are too speculative. The parties had not agreed to material terms; thus, the alleged harm from a party failing to execute any subcontract is impossible to estimate without assuming hypothetical terms. Henson's testimony based on such assumptions is precisely what is barred by the Fourth Circuit. See id.

Damages is an essential element of both breach of contract and unjust enrichment claims. Ruchman's failure to show damages with reasonable certainty entitles Sev1Tech to summary judgment.

Ruchman's request for summary judgment on Sev1Tech's counterclaims fails. Sev1Tech has alleged that Ruchman's conduct on existing subcontracts breached their obligations to fill certain positions. Sev1Tech has sufficiently demonstrated dispute as to material facts regarding Ruchman's alleged breach of their obligations under the subcontracts.

Ruchman also contends the indemnification counterclaim is "not a cognizable cause of action," but it has provided no legal support for this assertion.

For the foregoing reasons, Sev1Tech is entitled to summary judgment on Ruchman's claims of breach of contract and unjust enrichment. Ruchman is not entitled to summary judgment on

8

Sev1Tech's counterclaims of indemnification and breach of contract.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 22, 2021